UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS, <br> Plaintiff, <br> v. <br> DAVID LIVINGSTON, <br> Defendant. | Case No. 20-cv-07698-WHO <br><br> **ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff Daronta Lewis, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. **Lewis is ordered to show cause on or before July 6, 2021 why 28 U.S.C. § 1915(g) does not bar pauper status.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

Under the law of this circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of

the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to raise *sua sponte* the section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Lewis has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

(1) *Lewis v. Ugwueze* ("*Ugwueze*"), No. 1:20-cv-00575-DAD-SKO (E.D. Cal. Oct. 5, 2020) (complaint dismissed as duplicative by a district judge upon the recommendation of a magistrate judge, after plaintiff admitted he had intentionally filed a duplicative action);

(2) *Lewis v. Allio* ("*Allio*"), No. 2:18-cv-00196-JAM-CKD (E.D. Cal. Oct. 3, 2018) (complaint dismissed with leave to amend by a magistrate judge[1] because plaintiff failed to identify a cognizable claim; suit ultimately dismissed by a district judge for failure to file an amended complaint);

(3) *Lewis v. Hoagland* ("*Hoagland*"), No. 2:11-cv-01763-GGH (E.D. Cal. Nov. 18, 2011) (complaint dismissed with leave to amend by a magistrate judge because plaintiff failed to identify any defendant who was personally involved in the alleged wrongful acts; suit ultimately dismissed by a district judge for failure to file an amended complaint);

---

[1] That a magistrate judge, rather than a district judge, issued the order is of no moment. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

(4) *Lewis v. Brown* ("*Brown*"), No. 2:09-cv-00195-FCD-DAD (E.D. Cal. Oct. 15, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after plaintiff failed to file a second amended complaint);

(5) *Lewis v. Antonen* ("*Antonen*"), No. 2:08-cv-01764-WBS-KJM (E.D. Cal. Nov. 12, 2009) (amended complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the amended complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after plaintiff failed to file a second amended complaint); and

(6) *Lewis v. Neilson* ("*Neilson*"), No. 2:06-cv-01532-FCD-CMK (E.D. Cal. March 27, 2007) (complaint dismissed with leave to amend by a magistrate judge because allegations were prolix, vague, conclusory, and violated Rule 8(a)'s requirement for a "short and plain" statement, and on its face the complaint was either "frivolous or fail[ed] to state a claim"; suit ultimately dismissed by a district judge after plaintiff failed to file an amended complaint).

Each of these dismissals counts as a strike under the Prison Litigation Reform Act ("PLRA"). As to *Ugwueze*, the Ninth Circuit has expressly recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citing *Cato*, 70 F.3d at 1105 n.2). As to *Allio*, the failure to assert a cognizable claim constitutes a strike, as does the failure to file an

3

amended complaint after an initial complaint was dismissed with leave to amend. *See Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (affirming district court's conclusion that the failure to assert a cognizable claim counted as a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike). As to *Hoagland*, the failure to name a proper defendant constitutes as a strike, as does the failure to file an amended complaint after an initial complaint was dismissed with leave to amend. *See O'Neal v. Price*, 531 F.3d 1146, 1148, 1156 (9th Cir. 2008) (affirming district court's determination that dismissal was a strike where, among other things, the court dismissed for failure to name proper defendant); *Harris*, 863 F.3d at 1143. As to *Brown*, *Antonen*, and *Neilson*, the failure to correct a vague, conclusory, and prolix complaint after having been given leave to do so constitutes a strike, as does the failure to amend a complaint after having been given leave to do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted); *Harris*, 863 F.3d at 1143.

As noted above, there is a limited exception to the three-strikes rule that applies when a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). That exception does not apply here because any danger that plaintiff may face in custody does not bear a nexus to the wrongs alleged in the Complaint. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (The danger faced by the plaintiff must be "clearly related to [the] initial complaint."); *see also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception . . . ."). Here, Lewis expressly and repeatedly states that he is suing because officials at Contra Costa County's West County Detention Facility searched Lewis's cell, which search Lewis claims was retaliatory in violation of

4

1  the First Amendment; because during that search officials seized, and have not sufficiently
2  compensated Lewis for, photos, books of stamps, and a draft complaint, which seizure
3  Lewis claims violates the Fifth Amendment; and because the entire experience caused
4  Lewis distress, which he claims violates the Eighth Amendment. (*See* Dkt. No. 1
5  ("Complaint") at 3 (stating claims).) Although Lewis claims that defendants were
6  motivated to retaliate by Lewis's separate lawsuits regarding physical injuries he suffered
7  in custody, and recites the allegations of those lawsuits at length (*see generally id*.), the
8  actual wrongs complained of in the instant suit are a search, a property seizure, and
9  emotional distress. None of these wrongs constitute an imminent physical danger to
10 Lewis.

In light of the above strikes, and because Lewis is not threatened with imminent danger of serious physical injury related to the wrongs complained of in this action, the Court now orders him to show cause why IFP status should not be denied and the present suit should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Lewis's response to this order to show cause is due no later than **July 6, 2021**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, Lewis may avoid dismissal by paying the full filing fee by July 6, 2021.

Failure to file a response by **July 6, 2021**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to plaintiff bringing his claims in a new paid complaint.

**IT IS SO ORDERED.**

**Dated:** May 5, 2021

_____
WILLIAM H. ORRICK
United States District Judge